UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Aryee Henderson, #237887, <br> *a/k/a Aryee Henderson, #59105*, | ) | C/A No. 4:17-287-BHH-TER |
| | ) | |
| Plaintiff, | ) | Report and Recommendation |
| | ) | |
| vs. | ) | |
| | ) | |
| South Carolina Department of Corrections, <br> Bryan P Stirling, *Director*, <br> Michael McCall, *Deputy Director*, <br> Mr. Davis, *Associate Warden*, <br> James C. Dean, *Associate Warden*, <br> Mr. Nolan, *Deputy Warden*, <br> Mr. Fedd, *Food Service Director, IV*, <br> Mr. Gordan, *Regional Psychiatrist*, <br> Mr. Faust, *Maintenance Supervisor*, <br> Ms. Johnson, *Inmate Grievance Coordinator*, <br> Lt. Brown, *Prison Guard*, <br> Capt. Franklin Richardson, *Prison Guard*, <br> Lt. Shaw, *Prison Guard*, <br> Sgt. West, *Prison Guard*, <br> Lt. Scott, *Prison Guard*, <br> Cpl. Sheppard, *Prison Guard*, <br> Capt. Ford, *Prison Guard*, <br> Lt. Roberts, *Prison Guard*, <br> Ofc. Daly, *Prison Guard*, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

This is a civil action filed by a state prisoner, proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § 1915(e). Plaintiff alleges numerous claims within this § 1983 action, which will be addressed in turn.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2) (B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke*, 490 U.S. at 327.

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not

rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## **DISCUSSION**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In order to assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a

3

specific defendant's specific conduct and must show an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights).

**Loss of Property**; **Defendants Richardson, Brown, Roberts, and Ford**

In 2011, Plaintiff, a prisoner, was placed in "RHU holding." (ECF No. 1 at 9). In July 2012, Plaintiff was returned to general population and was informed his work boots were missing from the property room. (ECF No. 1 at 9). He alleges Defendants Richardson, Brown, Roberts, and Ford were involved with his missing property. (ECF No. 1 at 9). Plaintiff alleges he filed a grievance on July 16, 2012, and August 1, 2012, and received a final agency decision on November 3, 2012 as to his loss of personal property. The statute of limitations has run on this claim. The applicable statute of limitations is three years here. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); S.C. Code Ann. § 15–3–530(5). This court has held that the statute of limitations should be tolled by 42 U.S.C. § 1997e(a)'s requirement of exhaustion of administrative remedies, and the Fourth Circuit has yet to explicitly address the issue. *See Saucillo v. Samuels*, No. 0:12-CV-240-TMC, 2013 WL 360258, at *1-2 (D.S.C. Jan. 30, 2013). Even running the time to file suit from exhaustion of his administrative remedies in November 2012, Plaintiff did not file suit within the three year statute of limitations. Thus, this claim is subject to dismissal.

Moreover, deprivation of a prisoner's property by state employees is not actionable under § 1983 and does not offend due process when adequate post-deprivation state remedies are available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff has remedies under South Carolina law to obtain relief for the alleged taking of his personal property, by proceeding pursuant to the South

4

Carolina Tort Claims Act, S.C. Code Ann. § 15–78–10 et seq. *See Mora v. City of Gaithersburg*, 519 F.3d 216, 231 (4th Cir. 2008) (State courts are available for property claims and the State process is constitutionally adequate). Thus, Plaintiff fails to state a claim for violation of his constitutional rights based on the alleged deprivation of his property, and Defendants Brown, Roberts, and Ford and this claim are subject to summary dismissal. Defendant Richardson is not subject to service based on this claim, but service has been authorized regarding a different claim within this action.

**Defendant Johnson**

Plaintiff alleges that Defendant Johnson, the grievance coordinator, failed to process and/or investigate complaints alleged within grievances. (ECF No. 1 at 6). "[T]here is no constitutional right to participate in grievance proceedings." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Thus, it is recommended that any claims against Defendant Johnson be summarily dismissed for failure to state a claim for relief**.**

**Defendant South Carolina Department of Corrections**

The South Carolina Department of Corrections ("SCDC") is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743 (2002); *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-09 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dep't*, 195 F. Supp. 516, 517 (E.D.S.C.1961). Thus,

Defendant SCDC is subject to summary dismissal.

**Showers: Defendants Richardson, Shaw, West, Scott, and Sheppard**

Plaintiff names these defendants as "failing to provide showers, cell cleaning, and outdoor recreation." (ECF No. 1 at 7). Plaintiff alleges that since March 1, 2014, he has only received approximately 20 showers, and those were from guards on the B-1 shift. (ECF No. 1 at 10). From March 1, 2014, through December 1, 2014, Plaintiff has had at most three showers per month. (ECF No. 1 at 10). Plaintiff alleges that since June 1, 2014, Richardson, Scott, West, Shaw, and the rest of guards on the A-1 shift have not given him a shower. (ECF No. 1 at 10). As injury, Plaintiff states he has developed a severe outbreak of rashes on his back, chest, neck and behind his ears. (ECF No. 1 at 10). The Fourth Circuit has held that one shower per week for inmates in administrative segregation does not violate the Eighth Amendment. *Langston v. Fleming*, 1994 WL 560765 (4th Cir. 1994)(citing *Davenport v. DeRobertis*, 844 F.2d 1310, 1316-17 (7th Cir. 1998)). Plaintiff has made sufficient allegations to survive initial review on this claim, and by separate order, issuance and service of process has been authorized for this claim for Defendants Richardson, Shaw, West, Scott, and Sheppard.

**Outdoor Recreation**

Plaintiff alleges that Defendants West, Scott, and Sheppard acted with malice and gross negligence in failing to provide outdoor recreation. Plaintiff alleges that he was denied outdoor recreation for various time frames- inside(March 2014 through March 2015; June 2015- November 2015) and outside of the statute of limitations(July 2012-August 2013). (ECF No. 1 at 10-11). Plaintiff alleges this injured him because there is no outside air circulating inside, causing him to constantly breathe in chemical munitions, resulting in watery eyes, runny nose, and coughing.

6

Plaintiff alleges the lack of outdoor recreation has caused a loss of muscle mass, poor health, lack of energy, migraines, weight loss, stomach cramps, lack of sleep, loss of skin pigmentation, anxiety, deteriorating vision, high blood pressure, mental anguish, emotional distress, and depression. (ECF No. 1 at 11). Plaintiff alleges there is no artificial cell lighting and his cell is cloaked in darkness, which prevents him from reading and writing. Sometimes, he eats in complete darkness. (ECF No. 1 at 14). Plaintiff alleges that all of these conditions heighten his depression.

"[I]n certain circumstances, restricting inmates' opportunities for physical exercise constitutes cruel and unusual punishment in violation of the Eighth Amendment." *Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980). The Fourth Circuit has held that in order to sustain a § 1983 claim for lack of exercise, a plaintiff must produce evidence "that he has sustained a[ ] serious or significant physical or emotional injury as a result of these conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.1993). The Fourth Circuit has also limited constitutional violations for this count to lack of exercise, not a mere lack of recreation. *Id.* at n.7. Under a liberal construction, Plaintiff's allegations are sufficient to survive initial review on this claim and service is authorized for this claim by separate order on Defendants West, Scott, and Sheppard.

**Food; Defendant Fedd**

Plaintiff alleges Defendant Fedd is the Food Service Director. (ECF No. 1 at 6). Plaintiff alleges he gets bag lunches every day of cold hard biscuits, stale rotten meat, and spoiled eggs; he eats only the hot meal each day. (ECF No. 1 at 12). "The Food Service Supervisors have been serving grits with chopped-up dead maggots in it." (ECF No. 1 at 12). The lunch and dinner meals are "tiny small food portions;" there are never fruits and the only vegetable is raw plain cabbage; milk is being served out of dirty and unwashed containers. (ECF No. 1 at 12). An inmate may set

out a conditions of confinement claim by alleging that he was deprived of a basic human need which was objectively sufficiently serious and that subjectively, prison officials acted with a sufficiently culpable state of mind to expose him to those conditions. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). "It is well-established that inmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985)(internal citations and quotations omitted). The lack of flavorful items or Plaintiff's specific choice of beverage and meal simply does not rise to the level of a constitutional violation. *See Bell v. Wolfish*, 441 U.S. 520, 546 (1979). Plaintiff does allege that he suffered "tremendous weight loss" due to the amount of food being provided to him. Thus, under a liberal construction, Plaintiff's allegations are sufficient to survive initial review on this claim and service is authorized for this claim by separate order on Defendant Fedd.

**Conditions of Confinement**

Plaintiff alleges he is subjected to cold showers. The air conditioner is always on all year long every day causing his nose to run. Under "Shelter," Plaintiff says he is subjected to extremely cold temperatures, no cell lighting, big holes in the wall, no insulation or sealant, big field rats, live electrical wires which have shocked him, and his cell is damp and moldy. Plaintiff says he cannot see to read and write and sometimes eats in the dark; these conditions heighten his depression. Plaintiff does not allege who committed these alleged violations, and thus, fails to meet the pleading requirements of Rule 8.[1] This court is not required to construct Plaintiff's arguments for him. *See*

---

[1] The Complaint in this case fails to state a plausible claim under this theory against any Defendant because it is conclusory and lacks necessary factual details. Rule 8 of the Federal Rules of Civil Procedure requires that complaints contain "a short and plain statement of the claim showing

8

*Weller*, 901 F.2d at 390-91. "Extreme deprivations are required to make out a conditions-of-confinement claim ... Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,'" "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Strickler*, 989 F.2d at 1380 n.3 (quoting *Hudson v. McMillian*, 503 U.S.1, 8-9 (1992)). Under § 1983, Plaintiff must demonstrate that the official *personally* caused or played a role in causing the deprivation of a federal right. *See Graham*, 473 U.S. at 166 and *Harris v. City of Va. Beach*, 11 F. App'x 212, 215 (4th Cir. 2001). Summary dismissal of this claim is recommended as there are no allegations, sufficient under Rule 8, as to which Defendant personally acted to harm Plaintiff.

**Denial of Mental Health Treatment; Defendant Gordon**

Plaintiff alleges that "mental health staff" have been denying him treatment for severe depression and he has been contemplating suicide. (ECF No. 1 at 14). He makes no allegations

---

that the pleader is entitled to relief." The purpose behind Rule 8 is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted). Further, the plaintiff is obligated to provide "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do ..." *Id*. Even though a *pro se* plaintiff's pleadings are to be liberally construed, a *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* at 555, 570; *see also Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 252 (4th Cir. 2005).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Defendants will not know how to respond to conclusory allegations, especially when "the pleadings mentioned no specific time, place, or person involved." *Twombly*, 550 U.S. at 565 n. 10. Complaints should contain facts in regard to who did what to whom and when. *Id.*

9

whereby the court could determine which Defendant is alleged to have injured him. Earlier, in naming Defendant Gordon, Plaintiff says Gordon "failed to properly diagnose" him, but there are no other facts. (ECF No. 1 at 6). Defendants Gordon's title is Regional Psychiatrist. (ECF No. 1 at 4). Claims regarding mental health treatment fall under a claim for deliberate indifference to medical care. *See Williams v. Branker*, 462 F. App'x 348, 353-54 (4th Cir. 2012). "For an allegation of inadequate medical care to support an Eighth Amendment claim there must be neglect of serious medical needs." *Id.* (internal citation and quotation omitted). The first element of deliberate indifference to medical care under the Eight Amendment "is satisfied by a serious medical condition," while the second element "is satisfied by showing deliberate indifference by prison officials." *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998). Plaintiff fails under Rule 8 and § 1983 case law to name a person acting under color of state law who committed a constitutional violation. Thus, summary dismissal of this claim and Defendant Gordon is recommended.

**Retaliation; Access to Court; Mail Tampering; Defendant Daly**

Plaintiff alleges that because he wrote Ward, Patterson, Noland, Freng, and the General Counsel, as well as various non-profit organizations, and he never received a response back. (ECF No. 1 at 15). He alleges that the staff must not have given him a response and thus, committed mail fraud. (ECF No. 1 at 15-16). Plaintiff alleges that on November 30, 2014, he placed two debit forms with legal documents in Defendant Daly's hands to be placed in the mailbox. (ECF No. 1 at 15-16). Plaintiff was sending out documents to be photocopied so he could show proof of a case to be granted computer use permission. He has not received the copies, the originals, or the debit forms back. The addressee has not received the forms. Plaintiff states this is mail fraud.

Plaintiff believes that "RHU and Lee CI Staff" are "censoring and destroying Plaintiff's

legal, personal, and interdepartmental mail." (ECF No. 1 at 15-16). In November/December 2014, Plaintiff submitted requests to the Commissary to receive his regular clothes. (ECF No. 1 at 16). He has not received a response. Plaintiff requested to see a doctor and has not seen a doctor. (He does not allege who has denied his request). (ECF No. 1 at 16). Other than Defendant Daly, he does not allege which persons acted to cause his allegations. As to Defendant Daly, giving the most liberal construction, Plaintiff may be attempting to state an access to court claim. To state a claim based on delay or non-delivery of legal mail, an inmate must "provide some basis for his allegation that the delay or failure in delivering his legal mail deprived him of meaningful access to the courts." *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). The prisoner must demonstrate some actual injury or prejudice caused by the alleged denial of meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). Here, Plaintiff's claim fails because he has not alleged that interference with his legal mail caused him to suffer any actual injury or prejudice. Plaintiff does not state what, if any, adverse consequences he suffered as a result of the alleged failure to post and/or receive his legal mail. *See White*, 886 F.2d at 724. Thus, summary dismissal of this claim and Defendant Daly are recommended.

**Defendant Faust**

Plaintiff makes no allegations of actions committed by Defendant Faust, but only states that he is the maintenance supervisor and "acted negligently and vindictively when he committed the acts alleged within this Complaint." (ECF No. 1 at 6). Numerous different claims are alleged by Plaintiff; Plaintiff fails under Rule 8 to allege which alleged constitutional violations Defendant Faust committed. Thus, Defendant Faust is subject to summary dismissal.

11

**Supervisory Liability; Defendants McCall, Davis, Dean, Nolan, and Stirling**

Defendants McCall(Warden), Davis(Deputy Warden), Dean(Assistant Warden), and Nolan(Associate Warden) are listed as "fail[ing] to investigate or resolve the issues." (ECF No. 1 at 6). Defendant Stirling is listed as "legally responsible for the operations of all prisons." (ECF No. 1 at 6). There are no allegations as to actions taken by this individuals. Absent any personal allegations against these Defendants, it is assumed that Plaintiff is attempting to sue them in their supervisory capacity.

Plaintiff here—suing various government officials in their individual capacities and thus seeking to hold the officials personally liable—must demonstrate that the official personally caused or played a role in causing the deprivation of a federal right. *See Graham*, 473 U.S. at 166 and *Harris v. City of Va. Beach*, 11 F. App'x 212, 215 (4th Cir. 2001) (affirming dismissal of the plaintiff's claim against five defendants when the plaintiff did not allege any of the defendants were personally involved in the alleged deprivation of his civil rights).

In addition to failing to state a claim due to a lack of factual allegations, the Plaintiff's Complaint also fails to state a § 1983 claim because Plaintiff did not allege that these Defendants had a role in any alleged harms. Using a collective term such as "staff" in making allegations against defendants fails to state a plausible § 1983 claim against specific defendants because a collective term does not name a "person" subject to liability under § 1983. *Brooks v. City of Columbia, S.C.*, 2012 WL 5879434 (Oct. 30, 2012) (internal citation omitted).

No facts are alleged pertaining to these specifically named defendants who from their titles appear to be in supervisory positions. Generally, vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a method to create liability of a state-actor supervisor for the acts

of his subordinate. *See Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition as long as the facts alleged meet the Fourth Circuit Court of Appeal's three-part test for supervisor liability under § 1983:

(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;
(2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and
(3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)(citations omitted); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). Plaintiff has not adequately pleaded the supervisory liability exception. Plaintiff has made no particular allegations of any knowledge, personal or subjective, on any supervisor's part of the facts in his complaint. None of the supervisory officials named as Defendants can be held liable simply based on their oversight of subordinates here. Thus, summary dismissal without issuance and service of process is recommended for Defendants McCall, Davis, Dean, Nolan, and Stirling.

## **RECOMMENDATION**

Accordingly, it is recommended that the district court partially dismiss the complaint in this case without prejudice. *See Brown v. Briscoe*, 998 F. 2d 201, 202-204 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B). As noted above, it is recommended that Defendants Brown, Roberts, Ford, Johnson, SCDC, Gordon, Daly, McCall, Davis, Dean, Nolan, Stirling, and Faust be summarily dismissed without issuance and service of process. In a separately docketed order, the court has authorized the issuance and service of process on the remaining Defendants Fedd, Richardson, Shaw,

West, Scott, and Sheppard only on the claims regarding food, showers, and exercise.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

April 25, 2017
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).